This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                       **NO. 30,232**

**PAMELA JONES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals her convictions for ten counts of fraudulent signing of credit cards or sales slips. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

Defendant continues to claim that the evidence was insufficient to support her convictions for ten counts of fraudulent signing of credit cards or sales slips. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support Defendant's convictions, the evidence had to show that she signed ten sales slips or agreements, that she was not authorized to use these credit cards, and that she intended to deceive or cheat by their use. [RP 102-11] The State presented evidence that a number of out-of-state credit cards had been used without their owners' authorization at a fireworks stand where Defendant was manager. [MIO 1-2] The State's theory primarily focused on Defendant's access to the credit card machine, and written evidence of the transactions. [MIO 3] There was also evidence that several of these transactions occurred while the stand was closed, shortly before Defendant returned the credit card machine to her employer. [MIO 3] The jury could rationally infer that Defendant had access to these accounts and the means of processing the sales. *See State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct.

2

App. 1992) (stating that the fact finder resolves witness credibility). There was no requirement that Defendant be in exclusive physical possession of the cards, or that the State had to present a handwriting expert. [DS 4-5; MIO 4] NMSA 1978, § 30-16-32 (1971); *see State v. Marshall*, 2004-NMCA-104, ¶ 8, 136 N.M. 240, 96 P.3d 801 ("[W]e do not read language into a statute, especially where the statute makes sense as written."). To the extent that Defendant believes that the State failed to present direct evidence of her guilt [MIO 6], we believe that there is sufficient circumstantial evidence that she used the credit card machine in her possession to make the transactions. *See State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 ("Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction."). The jury was free to reject Defendant's theory that another employee could have committed these acts. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988).

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

3

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**ROBERT E. ROBLES, Judge**

4